*H. C. Lilly, J. B. White, for appellants.*

---

HIRAM LUNSFORD AND WIFE *v.* LEWIS STAMPER, ET AL.

**Wills—Indebtedness.**
　　The indebtedness of a person does not prevent him from disposing of his property by will, but his devisees take their interests subject to the payment of the testator's debts.

**Suits by Creditors.**
　　Creditors cannot reach and dispose of the interests of devisees by a judicial proceeding to which such devisees were not parties.

APPEAL FROM LEE CIRCUIT COURT.

November 19, 1875.

OPINION BY JUDGE LINDSAY:

Notwithstanding Jameson Irvine may have been in debt at and before the time of his death, he had the right, under the statute, to dispose of his estate by last will and testament. His devisees took their respective interests, it is true, subject to the payment of the testator's debts; but his will having been duly published, and regu-

larly and legally put to record, they each took under it the title devised; and the creditors could not reach and dispose of the interest of either of them by a judicial proceeding to which he or she was not made a party.

Davis Irvine took no more than a life estate in the realty devised to him. The remainder was devised to the present appellant Mrs. Nancy Lunsford, his infant child. She was not made a party defendant to either the action of Bowman or that of Park, the executor of Monegal. Hence the judgments in their favor and against the executors of the testator and his children, could not affect her title as devisee.

The executions to be issued on these judgments were directed to be levied, first of assets in the hands of the executors, and then of estate that had descended from the deceased debtor to his children named therein. Nothing descended to Mrs. Lunsford. She took under the will, and as we have already said, she was not a party to the action in which the judgments were rendered. The execution sales passed to the purchaser merely the life estate of her father. He purchased back no greater interest, and sold nothing more to his vendee. It does not matter that he attempted to sell and convey the fee. He had no right to sell any such estate; and he could not prejudice the legal right of the infant remainderman by attempting to sell it. His vendees, whether immediate or remote, are charged with notice of the title of Mrs. Lunsford. It was matter of record, and the regularly probated will of Jameson Irvine was notice to the world.

The statute of limitation interposes no obstacle to the action of Mrs. Lunsford. She was not entitled to the possession of the lands sued for until the death of her father, the life tenant, and he did not die until 1872.

Judgment *reversed* and cause remanded for a judgment in favor of the appellants for the possession of their lands. In order to determine the questions of rents and improvements, the parties should be allowed, in case they so desire, to take further proof.

*A. W. Turinn, for appellants. H. C. Lilly, for appellees.*